**Eugene Wendell LONG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16741.**

United States Court of Appeals Ninth Circuit.

April 3, 1961.

Rehearing Denied May 21, 1961.

Marvin D. Morgenstein, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Edward M. Medvene, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Under 28 U.S.C. § 2255, appellant seeks to set aside his sentence of imprisonment. The sentence resulted from a plea of guilty to a charge of the sale of heroin contrary to 26 U.S.C. §§ 4705(a) and 7237.

Appellant's motion was made upon the ground that his plea was not voluntary. Following hearing the District Court ruled that it was voluntary. The motion was denied and this appeal followed.

On December 29, 1958, Long, represented by counsel, pleaded not guilty to all four counts of an indictment charging him with conspiracy to sell and the actual sale of heroin. On February 2, 1959, a jury was impaneled in his case. On February 5, 1959, he withdrew his plea of not guilty and pleaded guilty to one count of the indictment. The plea was accepted and on March 1, 1959, despite the fact that his counsel had pleaded for minimum sentence and government counsel had made no recommendation as to sentence, Long was sentenced to imprisonment for a period of fifteen years. Several letters were subsequently written by him to the trial judge in an effort to have his sentence reduced. No mention was made in any letter of any

inducement having been offered to him for a plea of guilty.

■ At the District Court hearing on the instant matter Long's attorney testified as to his conferences with Long respecting a change of plea. He testified that he had advised Long that there was no merit to any defense in the light of the facts of the case; that he had stated to Long that he had conferred with government counsel with reference to a change of plea and had been advised that upon a plea of guilty the United States would not recommend minimum sentence but would not oppose it (government counsel denied having stated that he would not oppose minimum sentence); that he had advised that in any event nothing said by government counsel would be binding upon the court. Long conceded that he had been fully advised by his counsel as to his rights and as to the consequences of a change of plea and as to the limits of punishment applicable under a plea of guilty.

Following the hearing the District Court found that Long's motion was based solely on a contention that inducement had been offered by representatives of the United States; that Long had not been coerced, induced, intimidated or pressured into entering his guilty plea and that the plea had been entered freely and voluntarily; that no promises or threats had been made by any government representative. The record supports these findings.

■ Upon this appeal, Long asserts that at the time of his plea of guilty the District Court did not inquire of him as to whether the plea was voluntarily entered. The record supports Long in this regard, but the lack of inquiry loses all significance in the light of the subsequent determination of the court that no inducement had been offered and that the plea was in fact voluntarily entered.

■ Long asserts that he was arrested without warrant and confined for over thirty days prior to arraignment. He contends that his sentence should be set aside for this reason. This was not argued to the District Court and the record before us does not establish the facts with clarity. Under these circumstances we shall confine our consideration to the question whether such confinement, assuming it to have occurred, can be said to have had any effect upon the voluntariness of the plea. We conclude that it cannot.

Any possibility that such confinement may have had a coercive effect would seem to be wholly dispelled by the fact that Long first pleaded not guilty to the charge against him. It was more than a month after this first plea and upon careful consideration of the merits of his defense with the aid of counsel that his plea of guilty was entered.

The court expresses its appreciation to Marvin D. Morgenstein, Esq., for his able services as court appointed counsel in behalf of the appellant.

Affirmed.