**George Richard HEIDEN, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19533.**

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1965.

---

Chambers, Circuit Judge, dissented.

George Richard Heiden, Jr., in pro. per.

Jo. Ann D. Diamos, U. S. Atty., Henry L. Zalut, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS, BARNES HAMLEY, JERTBERG, MERRILL, KOELSCH, BROWNING, DUNIWAY and ELY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant having pleaded guilty and waived counsel, was convicted of the crime of bank robbery and sentenced to a term of 20 years' imprisonment by the District Court for the District of Arizona. Under Title 28 U.S.C. § 2255, he seeks to set aside his sentence, contending that he had not intelligently pleaded or waived counsel. Among his many contentions in this respect is his assertion that he was misinformed as to the consequences of his plea and believed that the maximum sentence would be for ten years.

Rule 11, F.R.Cr.P., provides in part:

"The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

At no time, either on arraignment or subsequently, did the District Court, pursuant to this Rule, determine that the plea was made with an understanding of the nature of the charge. At no time did the court inquire into the degree to which waiver of counsel was intelligently made.

Hearing on appellant's petition in the present proceedings was granted by the court below. At this hearing an agent of the Federal Bureau of Investigation and an Assistant United States Attorney each testified that he had disclosed to appellant that the crime charged carried a 20-year sentence. The appellant himself was interrogated at length. He adhered to his claim that the extent of sentence had been misrepresented to him. The District Court found in part "that petitioner's waiver of counsel at the time of his arraignment was made intelligently and with full knowledge of his rights * * * that petitioner's plea of guilty entered at the time of his arraignment was made voluntarily and with full knowledge of the nature of the charge against him and of the maximum penalty to be imposed."

There is no question but that the record amply supports the court's findings and supplies basis for disbelief of the appellant. The question is whether such findings can suffice to eliminate prejudice resulting from failure of the court, at the time of arraignment and waiver of counsel, to make the necessary ascertainment of understanding. In our judgment, they do not.

In Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937), the Court states:

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused— whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, *whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record*" (emphasis supplied).

Rule 11 is mandatory. Munich v. United States, 337 F.2d 356 (9th Cir. 1964). It is contemplated by that Rule, and is the holding in Johnson v. Zerbst, that the fact that a plea was intelligently entered and that counsel was intelligently waived must be ascertained at the time of arraignment or of waiver and not after the fact. When this is done the facts can be made to appear of record; the understanding of the defendant can actually be accomplished and its accomplishment demonstrated beyond dispute. When the ascertainment is subsequently made after disputes have arisen, a degree of uncertainty is bound to creep in since, in the resolution of disputed facts, problems of credibility and of reliability of memory cannot be avoided.

The Rule thus contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset, and that courts thereby are to be freed from the troublesome task of searching at a later date for the truth as to the defendant's then state of mind.

In thus providing for the most certain method of assuring and establishing the understanding of the defendant and in seeking to lighten the burden of the courts by eliminating all need later to resort to their fact-finding functions in this highly subjective area, the Rule is clearly a salutary one whose aims might well justify *sua sponte* enforcement in the interests of judicial administration. But more, it is a rule of which the defendant himself can claim protection. If, by its disregard, issues of fact are permitted to arise the defendant has suffered prejudice in being required to resort to the relatively uncertain business of their resolution.

Prejudice, then, is established when lack of understanding in a specific and material respect is sufficiently alleged and such asserted lack, if it existed, would have been disclosed by a proper examination by the trial judge. Such is the case here.

We conclude that appellant was prejudiced by failure of the sentencing court to make the required ascertainment of understanding and that this prejudice was not eliminated by the findings of fact made by the court below.

In this respect the opinion of this court in Long v. United States, 290 F.2d 606 (9th Cir. 1961) (to which we somewhat reluctantly adhered in Munich v. United States, 337 F.2d 356, 360 (9th Cir. 1964), supra), is overruled.

Reversed and remanded, with directions to vacate the judgment of conviction, the sentence and the plea of guilty upon which the conviction is based, and to afford appellant a new opportunity to plead to the indictment.

CHAMBERS, Circuit Judge (dissenting):

Heiden was deprived of no constitutional right here. Nothing shocking happened. Heiden was not hurt. We deal here only with the supervisory power of this court.

The inadvertence that happened could prejudice another. Therefore, Rule 11 should be carefully observed, but when no damage was done, I cannot find the error either substantial or prejudicial. Thus, I dissent.