**James E. FRANCE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 8549.**

United States Court of Appeals Tenth Circuit.

April 4, 1966.

Marshall G. Martin, Albuquerque, N. M., for appellant.

Ruth Streeter, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., were on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The appellant, a federal prisoner, filed a petition for a writ of habeas corpus with the United States District Court. The court considered it as a motion under 28 U.S.C. § 2255 and held an evidentiary hearing. The petitioner asserted as the basis of his petition that he was mentally incompetent at the time he entered his plea of guilty to the charge and consequently the plea was not voluntarily made, and further that he was not competent to assist his attorney. This incompetency, he states, came about by reason of the fact that he was under the influence of narcotics. The United States District Court denied relief and this appeal was taken.

Appellant was indicted on two counts for bank robbery in violation of 18 U.S. C.A. § 2113(a) and (b). The record shows that an attorney was appointed to represent the appellant. An arraignment was made on May 15, 1964, and a plea of not guilty was there entered to both counts of the indictment. Appellant's attorney at the time of the plea requested the court to order a psychiatric examination of appellant. This was done, and the examination was made by a psychiatrist in Albuquerque on May 18, 1964, with a report to the court. The report concluded that the appellant was able to understand the proceedings against him and to assist his counsel. Thereafter on June 19, 1964, appellant appeared with his attorney and changed his plea to guilty on count two of the indictment. Shortly thereafter appellant was hospitalized for treatment of hepatitis and remained in the hospital from June 30 to July 29. On August 6 he was sentenced on his plea

of guilty to count two of the indictment and count one was thereupon dismissed.

As indicated, the trial court on appellant's petition held an evidentiary hearing in accordance with Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148; Ellison v. United States, 324 F.2d 710 (10th Cir.); Nipp v. United States, 324 F.2d 711 (10th Cir.). In the course of this hearing, petitioner called as his witnesses the doctor who had treated him while hospitalized for hepatitis. He also called an individual who was imprisoned in the same cell with him at two different periods of time and at two locations. One period was before the entry of any plea and the second after the entry of the plea of guilty and following appellant's release from the hospital. Appellant also testified on his own behalf. The Government called the attorney who was appointed by the court to represent appellant in the criminal proceedings and also the psychiatrist who had examined appellant in accordance with the trial court's order.

During the course of this hearing, appellant testified that he had no recollection of anything that took place from the time he left the jail, to make his first appearance on the charges before the federal court, until the time he arrived at the hospital for treatment of hepatitis. This hospitalization commenced some eleven days after the change of appellant's plea from not guilty to guilty. The appellant also testified that he was taking heroin while in jail before and after the plea. The prisoner who was in jail at the same time as appellant testified that appellant was erratic and had a "no-care" attitude; also that he had seen appellant take a pill at a jail several days before appellant's first appearance on the charge, and that he had seen the appellant take a pill and use a hypodermic needle in another jail several days after appellant returned from the hospital.

The doctor who treated the appellant for hepatitis testified that he saw the appellant at least once a day during the month he was in the hospital, and that he observed nothing unusual about appellant's behavior except upon one occasion, about the middle of his hospitalization, when he complained of severe headaches, was crying, was confused, had a temperature, and complained that he was going crazy. The medical examination of the appellant following this episode indicated no cause for the event which apparently lasted two or three days. The doctor testified that other than for this period, the appellant was able to talk rationally and cooperate in his treatment.

The attorney for the appellant in the criminal proceedings testified at the hearing that he had been able to communicate with the appellant satisfactorily during the time that he represented him, and that he saw him some four or five times. He also testified that appellant was prone to exaggerate but he was otherwise stable. The record shows that this witness in his representation of the appellant stated to the court, when he requested that the psychiatric examination be given, that the appellant had previously been committed to a mental institution and "had a history of such difficulties." The attorney further related to the court that the appellant had "given me some fantastic stories that would merit examination by a psychiatrist."

The psychiatrist who examined appellant during the criminal proceedings testified at the hearing below and related his previous findings as to the capabilities of appellant. He also stated that appellant told him he could not recall all the events leading up to the crime. Neither of the doctors testified that they had observed the appellant to have been under the influence of narcotics, and no witness testified that the appellant was under the influence of narcotics at the time he entered his plea. The appellant, as indicated above, testified that he used narcotics during the time he was in jail, but did not testify that he used narcotics at the time he made his plea as this was the time during which he testified that he could remember nothing.

948

The trial court at the conclusion of its hearing on appellant's petition made several findings of fact, one of which was that the defendant was not under the influence of narcotics when he made his appearance in the criminal proceedings. This appearance was before the same judge who held the hearing on the petition now before us. The court also indicated that it did not believe that the appellant was taking narcotics in the jail and found that if he had been under such influence, his attorney would have observed it. The judge also found that the hospital would have observed the appellant's condition had he been under the influence of narcotics, or was withdrawing from the use of narcotics. The court concluded that the guilty plea of the appellant was voluntarily and knowingly made.

From an examination of the record, it is apparent that the appellant failed at the hearing below to produce any facts showing that he was under the influence of narcotics at the time that he entered his original plea of not guilty or at the time that he changed his plea to guilty on count two. He further came forward with no facts which would show that he was unable to assist his counsel by reason of the fact that he was under the influence of narcotics or for any other reason. The finding of the trial court on the point is amply supported by the evidence, and its conclusions that the plea was voluntarily and knowingly entered and that appellant was able to assist his attorney are valid. The appellant urges that this case is comparable to Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, on certiorari, but we cannot agree. There was certainly sufficient information before the court as to appellant's understanding of the proceedings and his ability to assist counsel.

The appellant in his testimony and in his petition has made general assertions as to his condition at the critical time, but has produced no facts or data to support such conclusions and hence he must fail. Martinez v. United States, 344 F.2d 325 (10th Cir.). In view of our disposition of the issues, it is not necessary to reach the effect of the self-induced nature of appellant's alleged condition.

Affirmed.