James Lamar **QUIBELL**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 3432, Ancillary to CR 30051.**

United States District Court
S. D. California, S. D.
May 23, 1966.

---

Shelby Gott, Asst. U. S. Atty., San Diego, Cal., for the United States.

John R. Schell, San Diego, Cal., for petitioner.

### OPINION ON MOTION TO VACATE SENTENCE

WEINBERGER, District Judge.

An indictment was returned in criminal case No. 30051 charging petitioner with having violated Section 2312 Title 18 U.S.C.A. (Dyer Act) and on April 24, 1961 he appeared in Court for arrraignment. He was 18 years of age. Counsel was appointed for him, he entered a plea of guilty; the matter was continued for sentence and referred to the probation officer.

On May 15, 1961 petitioner appeared with his counsel and the Court sentenced petitioner as a youth offender under Title 18 U.S.C.A. § 5010(b), and committed him to the custody of the Attorney General for treatment and supervision until discharged by the Youth Correction Division of the Board of Parole as provided in Title 18 U.S.C.A. § 5017(c).

While at the time petitioner was arrested under the Dyer Act indictment he was an escapee from the Federal Youth Camp at Tucson, Arizona where he was

serving a minority sentence under the Federal Juvenile Delinquency Act, he was not prosecuted for any offense other than that charged in the indictment.

On May 14, 1965, petitioner was paroled from the sentence this Court imposed, but was recommitted to the penitentiary on September 17, 1965 for violation of parole, and, at the time of his petition herein was confined in the Federal Penitentiary at Steilacoom under such sentence.

Petitioner's motion, brought under Section 2255 of Title 28 U.S.C.A. alleged that when he entered a plea of guilty he did so without understanding of the possible consequences of his plea in that he did not know prior to plea and sentence the nature and circumstances of receiving a sentence under the Youth Corrections Act,—that under the said Act he could be incarcerated for a period of six years, rather than for the maximum period provided by the statute for a violation of the Dyer Act, to-wit, five years. The motion further requested that a hearing be had, that the sentence be vacated and that petitioner be re-sentenced, with credit for time served.

Counsel was appointed for petitioner, and on April 20, 1966 a hearing was had, petitioner being present with such counsel.

At the hearing, petitioner was questioned by his counsel as to whether, prior to his plea of guilty he was aware that upon such plea he could be sentenced under the Youth Authority Act and that under such Act there was a possibility that he could be incarcerated for a term longer than the five years provided as a maximum penalty for a violation of the Dyer Act; cross-examination was had; respondent introduced testimony of petitioner's counsel in the criminal proceeding, of the Assistant United States Attorney who prosecuted the criminal case, of the Probation Officer who made the report in such case, and of an F.B.I. Agent who had interviewed the petitioner prior to his appearance in Court.

The reporter's transcript of the proceedings had in Court at time of arraignment, plea and sentence of petitioner are before us. The briefs of counsel for the respective parties are on file. Transcript of the hearing on petitioner's motion has been prepared, and the matter submitted for decision.

Petitioner's counsel made it clear in his opening statement and in his brief that petitioner admits his guilt of the offense charged; that he is not attempting to avoid the consequences of his crime; that if his sentence is vacated and his plea withdrawn, he will again plead guilty; that he wishes to be re-sentenced, with the time he has spent incarcerated under the allegedly invalid sentence credited.

Further, petitioner's counsel emphasizes that there is no contention that the Court, or anyone, misled the petitioner defendant with reference to any matter; counsel's contention is that it *does not appear of record* that, prior to petitioner's plea, he was aware of the possible consequences of such plea—the possible penalties which might be imposed upon him, and that this fact, alone, is sufficient to entitle him to relief.

Petitioner relies upon two decisions of the Court of Appeals of the Ninth Circuit, Freeman v. United States (opinion dated September 13, 1965, Supplemental Order dated November 26, 1965) reported at 350 F.2d 940, and Heiden v. United States (Nov. 2, 1965) 353 F.2d 53.

In Heiden v. United States (Nov. 2, 1965, 9 Cir.) 353 F.2d 53 the petitioner moved to vacate his sentence on the grounds that he had not intelligently waived counsel at the time of his arraignment, and that his plea was not voluntarily made within the meaning of Rule 11, F.R.Crim.P. which provides in part:

"The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with the understanding of the nature of the charge."

At the hearing petitioner was interrogated at length, the testimony of an agent of the Federal Bureau of Investigation, and of an Assistant United States

Attorney was heard. The District Court found, after the hearing as follows, in part (quoting from page 54 of the Heiden v. United States opinion, 353 F.2d 53):

"'that petitioner's waiver of counsel at the time of his arraignment was made intelligently and with full knowledge of his rights * * * that petitioner's plea of guilty entered at the time of his arraignment was made voluntarily and with full knowledge of the nature of the charge against him and of the maximum penalty to be imposed.'"

The Court of Appeals said, at page 54:

"There is no question but that the record amply supports the court's findings and supplies basis for disbelief of the appellant. The question is whether such findings can suffice to eliminate the prejudice resulting from failure of the court, at the time of arraignment and waiver of counsel, to make the necessary ascertainment of understanding. In our judgment, they do not."

The opinion then cited Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461, with reference to proper waiver of counsel.

Had the opinion of our Court of Appeals concluded at this point, it might be contended that the rule it laid down applied only to waiver of counsel. But the opinion continues, and we quote:

"Rule 11 is mandatory. Munich v. United States, 337 F.2d 356 (9th Cir. 1964). It is contemplated by that Rule, and is the holding in Johnson v. Zerbst, that the fact that a plea was intelligently entered and that counsel was intelligently waived must be ascertained at the time of arraignment or of waiver and not after the fact. When this is done the facts can be made to appear of record; the understanding of the defendant can actually be accomplished and its accomplishment demonstrated beyond dispute. When the ascertainment is subsequently made after disputes have arisen, a degree of uncertainty is bound to creep in since, in the resolution of disputed facts, problems of credibility and reliability of memory cannot be avoided.

"The Rule thus contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset, and that courts thereby are to be freed from the troublesome task of searching at a later date for the truth as to the defendant's then state of mind."

The Court then said that Rule 11 is a salutary one, "whose aims might well justify *sua sponte* enforcement in the interests of judicial administration. But more, it is a rule of which the defendant himself can claim protection. If, by its disregard, issues of fact are permitted to arise the defendant has suffered prejudice in being required to resort to the relatively uncertain business of their resolution."

The gist of the decision appears to be: (P. 55)

"Prejudice, then, is established when lack of understanding in a specific and material respect is sufficiently alleged and such asserted lack, if it existed, would have been disclosed by a proper examination by the trial judge. Such is the case here.

"We conclude that appellant was prejudiced by failure of the sentencing court to make the required ascertainment of understanding and that this prejudice was not eliminated by the findings of fact made by the court below."

The District Court was directed to vacate the judgment of conviction, the sentence and the plea of guilty upon which the conviction was based, and to afford the petitioner an opportunity to plead to the indictment. (The Heiden appeal was heard before Circuit Judges Chambers, Barnes, Hamley, Jertberg, Merrill, Koelsch, Browning, Duniway and Ely, with Circuit Judge Merrill speaking for the majority. The dissenting opinion was by Chief Circuit Judge Chambers, p. 55 of 353 F.2d 53 and is as follows:

"Heiden was deprived of no constitutional right here. Nothing shocking

happened. Heiden was not hurt. We deal here only with the supervisory power of this court.

"The inadvertence that happened could prejudice another. Therefore, Rule 11 should be carefully observed, but when no damage is done, I cannot find the error either substantial or prejudicial. Thus, I dissent.")

The opinion in the Freeman case (350 F.2d 940, 9 Cir.1965) was written September 13, 1965, prior to the decision in the Heiden case; the Court of Appeals stated that from the record it could not be determined whether the petitioner, prior to the entry of his plea, might have had explained to him the provisions of the Youth Corrections Act by his attorney, or by the trial Judge, or by someone else, and remanded the matter to the District Court with the following language, at page 943 of the opinion:

"* * * for a hearing to determine whether or not appellant was aware of the range of possible punishments under the Youth Corrections Act at the time of entering his plea so as to arrive at a determination of the voluntariness of his plea of guilty. If the Court finds that appellant fully understood the consequences of his plea of guilty, then his sentence should stand. If the Court finds that appellant was not cognizant of the full range of sentences possible under the Youth Corrections Act, then he should be afforded an opportunity to withdraw his plea of guilty, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure or be afforded such other relief as the Court below may deem proper under the provisions of 28 USCA 2255 (1948)".

On November 26, 1965, (after rendition of the decision in Heiden v. United States, supra, November 2, 1965) the Court of Appeals of the Ninth Circuit made a supplemental order in the Freeman case as a part of its opinion, as follows:

"In view of the decision of the Court in Heiden v. United States * * * [t]he order appealed from is reversed and the cause is remanded with directions that unless it appears from the transcript of the hearings on arraignment and sentencing that Rule 11, Fed. R.Crim.P., was complied with, the judgment of conviction and sentence shall be vacated, and defendant shall be permitted to withdraw his plea of guilty and plead anew * * *."

Counsel for respondent maintains the real issue is: "Did petitioner *know* of the possibility of the six year sentence at the time of the plea?" (emphasis supplied).

Counsel has much on his side when he poses this question as the issue. There is the oft-cited opinion in Pilkington v. United States (4 CCA, 1963), 315 F.2d 204, which held that if the defendant were actually aware of the possible penalties under the Youth Corrections Act, regardless of how he became informed, his petition should be denied, and that whether he was aware could be ascertained at a hearing on the facts. Too, there are opinions of our Ninth Circuit Court of Appeals in Kadwell v. United States, 315 F.2d 667, 669 (1963) and Munich v. United States (9 Cir.1964), 337 F.2d 356, 358, and many cases from other Circuits which have sanctioned a hearing as to facts and circumstances surrounding a plea of guilty, when the record did not show compliance with Rule 11, Federal Rules of Criminal Procedure.

Respondent's counsel believes that the Heiden and Freeman cases can be distinguished from the case before the Court on the basis that those cases, like Pilkington, involved questions of whether the trial judge had misled the defendant, while there is no such allegation here. We do not think that the Heiden and Freeman cases are susceptible of such distinction; the basis upon which they were decided was that the record did not show that Rule 11 had been complied with prior to the plea of guilty; certainly the record would not show compliance if it appeared that the trial judge had informed defendant of the maximum penalty provided by the statute for a particular offense, then sentenced him under a dif-

ferent statute to a longer term. We have, however, noted that in the Per Curiam opinion of the Supreme Court in Marvel v. United States (March 15, 1965) 380 U.S. 262, 85 S.Ct. 953, 13 L. Ed.2d 960, the Court remanded the matter to the District Court for hearing to ascertain whether the Judge had misled the defendant as to what penalty he could expect upon a plea of guilty. The Court in the Freeman case referred to the Circuit Court decision in the Marvel case (Marvel v. United States (5 Cir.) 335 F. 2d 101) but did not speak of the Supreme Court decision rendered some four months prior to the Freeman opinion; we therefore assume that the Marvel case was not pertinent to the issues involved in the appeal before the 9th Circuit.

In addition, the Court of Appeals of this Circuit has issued several strong statements as to the necessity of observance, by trial judges, of Rule 11 of the Federal Rules of Criminal Procedure. (See Kadwell v. United States (9 Cir. 1963) 315 F.2d 667; and Munich v. United States (9 Cir.1964) 337 F.2d 356). Admonitions also appear in Domenica v. United States, 292 F.2d 483 (1st Cir. 1961), Gundlach v. United States, 262 F. 2d 72 (4th Cir.1958), in Bailey v. United States, 312 F.2d 679 (10 Cir.1963) and cases from other Circuits, especially including the Pilkington case, supra. That some of these warnings were set out in notes to the opinions of our Circuit makes them no less the handwriting on the wall. The cautions as to what *should* be done to secure good judicial administration and an unambiguous record have now become *commands* under the principles of Freeman and Heiden, at least in this Circuit. See also the opinion in Brown v. Heinze, N.D. California, N.D. December 14, 1965, 248 F.Supp. 293, 297, where the Court mentioned the Heiden case.

The case before the District Court was concerned with a petition for a writ of habeas corpus following a commitment issued out of the Superior Court of the State of California. In discussing the question whether petitioner, when before the State court knew what his legal rights were, the United States District Court said at p. 297 of the opinion:

"Johnson v. Zerbst, [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461,] supra, indicates that the above question is to be answered by an inquiry into the facts and circumstances surrounding the purported waiver. The continued validity of that holding, however, is cast in doubt by such recent decisions of the United States Supreme Court as Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, both of which indicate that a more objective test is now in force. Those cases, and others decided at all levels of the federal system, show an increasing tendency for the federal courts to reject the more flexible 'facts and circumstances' test in favor of formulation of precise, objective standards of criminal procedure such as those long imposed upon the federal courts (See, e.g. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; and Munich v. United States, 9 Cir., 337 F.2d 356).

"Today a state trial judge courts danger when he is confronted by a defendant who wishes to plead guilty. No longer may the judge simply satisfy himself that the plea is voluntary; he must, in addition, use all of the magic words that are now required—in short, it matters little that the plea is freely given for it must appear from the record that the plea was given in proper form. * * *"

The note to which the opinion refers at this point is:

"The rule is now the same in federal courts (See: Heiden v. United States, 353 F.2d 53 [decided by the United States Court of Appeals, Ninth Circuit, on November 2, 1965])."

(See also amendments to Rule 11 effective July 1, 1966, and Advisory Committee's notes.)

In the instant case the transcript of the proceedings on arraignment and plea discloses that petitioner, after conferring

with his attorney stated in open court that he wished to plead guilty; that the Court twice made inquiry if that were his desire, to which he answered "Yes"; his attorney offered to waive the reading of the indictment, but the Court ordered it read; then the Court inquired of petitioner if his plea were free and voluntary, to which petitioner answered in the affirmative; that further inquiry was made by the Court as to whether anyone had given petitioner any promise or made any representation that he would receive some consideration or leniency in return for pleading guilty, which was answered in the negative; that the Court then inquired if petitioner understood that upon a plea of guilty he could be sentenced without further formality, to which the petitioner replied "Yes".

It appears from the transcript of the proceedings at sentence that the probation officer stated his recommendation that petitioner be sentenced under the Youth Authority Act was made because he felt such Act provided the most flexible means of dealing with the petitioner; that the Court observed that under such Act the Attorney General could do as he wished; that counsel for the petitioner indicated he had read the probation report and agreed with its recommendations. It further appears the Court inquired if petitioner desired to say anything to which petitioner made no reply; that the Court then asked petitioner is he wanted to learn a trade, and petitioner said he would like to learn welding.

The sentence as aforesaid was then imposed, after which the Court stated the provisions of the Youth Authority Act and counsel for petitioner mentioned that he was familiar with such statute. The Court observed that under such Act a youth offender could be released conditionally under supervision on or before the expiration of four years from the date of his conviction and would be discharged unconditionally on or about six years from the date of his sentence. The Court then asked if anything were to be added, to which neither petitioner nor his counsel responded, and the proceedings ended at such point.

▆ In our decision herein we are concluded by the pronouncements of the Freeman and Heiden cases, and we interpret them to mean, and accordingly hold, that unless full compliance with Rule 11 of the Federal Rules of Criminal Procedure is had at the time of a plea of guilty (or prior thereto) and such compliance appears of record, the ensuing sentence is not valid.

▆ Full compliance with Rule 11 necessarily encompasses a decision upon two questions of fact, whether the plea of guilty is made voluntarily, and whether it is made with understanding of the nature of the charge. In order to determine whether a plea of guilty is made with understanding of the nature of the charge, it is necessary for the court to take steps to satisfy itself that the defendant understood the meaning of the charge, i.e., what acts are necessary to establish guilt, and the consequences of pleading guilty to the charge, i. e., possible penalties. (See Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L. Ed. 859, 1941; Kadwell v. United States (9 Cir.1963) 315 F.2d 667; Munich v. United States (9 Cir.1964) 337 F.2d 356, 358, 359).

▆ We emphasize, that under the decisions of Freeman and Heiden, the understanding of the defendant must appear in the record of the proceedings as to the plea or prior thereto—rather than the record of a hearing had with reference to a motion to vacate sentence.

Thus, in the instant case, a finding now that petitioner's plea of guilty was made with a knowledge of the maximum penalty which could be imposed for the offense he committed, would not be decisive here. Therefore, we make no finding with reference to petitioner's understanding at such time.

▆ We find: 1. Petitioner has sufficiently alleged that when he pleaded guilty he lacked understanding of the maximum penalty which could be imposed upon him, i. e. the maximum period of

imprisonment which could result from his plea of guilty.

2. It does not appear from the record that the Court, before or at the time of accepting petitioner's plea of guilty informed him as to such maximum period of imprisonment, or examined petitioner to make ascertainment of such understanding.

The judgment of conviction and sentence should be vacated, the defendant should be given permission to withdraw his plea of guilty and plead anew.