**Frederick Harold BROKAW, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 10643.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1966.

Decided Oct. 26, 1966.

Walton J. McLeod, III, Newberry, S. C. (Court-assigned counsel), for appellant.

Thomas P. Simpson, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

WINTER, Circuit Judge:

Appellant's application for post conviction relief under 28 U.S.C.A. Sec. 2255 was denied by the district court, and he now appeals. He was convicted, in 1963, of a violation of 18 U.S.C.A. Sec. 1343 (fraud by wire statute), upon his plea of guilty, and sentenced to five years, the maximum permitted under 18 U.S.C.A. Sec. 4208(a) (2). This conviction was the latest in more than fifty years of repeated criminal violations in the life of this ill, seventy-five-year-old appellant.

The conviction is attacked because the district judge failed to comply with Rule 11, Fed.R.Crim.P., in that he did not inquire, at the time the plea was entered, whether the plea was a result of any promises, threats, undue pressures, or other forms of coercion or enticement. When the appellant filed a motion under 28 U.S.C.A. Sec. 2255, the district court granted a hearing, and found that, although appellant had not been interrogated about promises or threats, appellant, in fact, tendered his plea voluntarily and with understanding of the charge against him. Appellant urges, first, that these findings were not supported by the evidence adduced at the hearing and, second, that the initial failure to comply with Rule 11 cannot be corrected by findings under Sec. 2255, even if the findings are supported by substantial evidence. Appellant further complains that he was not adequately represented by counsel, that the indictment was fatally defective in its failure to allege criminal intent on the part of the appellant, and that an oral confession resulted from a promise of medical attention at the time it was made, that a written confession given the following day was tainted because of the illegal oral confession, and that the ultimate guilty plea was the involuntary result of both involuntary confessions.

A review of the record developed at the hearing on the 2255 motion discloses that prior to his confession appellant was advised of his right to counsel, that he was not threatened or mistreated in any way and that no promises or inducements were made or offered to procure his confessions and his plea of guilty. The most the record shows in regard to inducements is that when first questioned by an agent of the F.B.I., after the warrant for his arrest was executed and after he was advised of his right to remain silent and to consult counsel, appellant stated that he needed medical attention and was told by the agent that the latter would call the need to the attention of the marshal and he (the agent) was sure that the marshal would provide it. This conversation falls far short of a promise or improper inducement and, moreover, informed appellant of nothing he did not already know. In the course of allocution when he told the district judge of his illness and stated that he had been previously treated at the federal place of detention at Springfield, Missouri, appellant requested that the district judge recommend to the Attorney General that appellant be returned to Springfield. Appellant thus demonstrated an awareness of the availability of medical services at federal places of detention. Moreover, prior to arraignment and acceptance of his plea, counsel was appointed to represent appellant and he was fully advised. Manifestly, the district judge was correct in concluding that the oral confession was not involuntary because improperly induced, that the written confession was not tainted and that the guilty plea was not thereby rendered involuntary.

Appellant lays great stress on the failure of the district judge to establish compliance with Rule 11 at arraignment when the plea was accepted, as distin-

guished from the demonstration of voluntariness in the Sec. 2255 proceeding. Heavy reliance is placed on Heiden v. United States, 353 F.2d 53 (9 Cir. 1965), where it was held that the requirement of Rule 11 that a plea of guilty be made "with understanding of the nature of the charge" could only be satisfied at the time of arraignment and that an accused who pleaded guilty to bank robbery, even though he knew the maximum penalty to be twenty years, was entitled to relief under Sec. 2255 when he was not formally advised at arraignment of the maximum penalty which could be imposed. The Court there adopted the rule that such an omission created prejudice as a matter of law, and could not be cured by a later finding that the accused did understand the charges at the time of his plea. As the dissent in that case pointed out, the Court decided the case in the exercise of its supervisory power over the district courts in its circuit, and not as an issue of constitutional right. The *Heiden* rule has not been adopted in any other circuit. Cf. Rimanich v. United States, 357 F.2d 537, 538 (5 Cir. 1966).

■■ In this Circuit we have held that compliance with Rule 11 need not be accomplished by a rigid ritual if, on the whole record, it is established that the plea is understandingly and voluntarily made. Gundlach v. United States, 262 F.2d 72 (4 Cir. 1958), cert. den. 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255 (1959); Aiken v. United States, 296 F.2d 604 (4 Cir. 1961). See also, Bone v. United States, 351 F.2d 11 (8 Cir. 1965); Smith v. United States, 339 F.2d 519 (8 Cir. 1964); Turner v. United States, 325 F.2d 988 (8 Cir. 1964). More importantly, those decisions have recognized that apparent deficiencies in a determination of understanding and voluntariness at the arraignment can be supplied at hearing on motion under Sec. 2255. Gundlach v. United States, supra; Aiken v. United States, supra. Other circuits follow this rule, notwithstanding announcement of *Heiden*. Weed v. United States, 360 F.2d 568 (5 Cir. 1966); Arnold v.

United States, 359 F.2d 425 (3 Cir. 1966); France v. United States, 358 F.2d 946 (10 Cir. 1966); McDonald v. United States, 356 F.2d 980 (10 Cir. 1966).

■■ We decline to apply *Heiden* to the case at bar. *Heiden* was a case in which the accused claimed that he did not "understand" the charge against him; appellant here claims that he did not "voluntarily" plead guilty. We do not suggest that this is always a valid distinction between the cases; nor do we suggest that there may not be cases in which an arraignment omission alone is fatal to a valid judgment on a plea of guilty. Certainly, we do not depart from our previous admonition to district judges that a full, searching inquiry be made prior to acceptance of a plea of guilty not only to obviate later Sec. 2255 motions, but also to remove any lingering suspicion of unfairness or denial of due process. We hold only that the possible prejudice from a departure from strict compliance with Rule 11 by a failure to ask if a tendered plea was coerced or improperly induced is a question of fact and is not a conclusion of law resulting from the omission. We recognize that certainty of voluntariness may be more readily established prior to acceptance of a plea than on controverted evidence at a later 2255 hearing. This fact leads us to underscore our direction to district judges that voluntariness, as well as understanding, be fully explored before a plea is accepted. On this record, however, we conclude that the finding that appellant's plea was voluntary is fully supported, hence appellant was not prejudiced by the lack of inquiry at arraignment.

■■ We find no merit in appellant's remaining contentions. Our review of the record satisfies us that appellant's representation was adequate and his decision to plead guilty would have been uninfluenced by anything more that his counsel might have done for him. The indictment was legally sufficient. United States v. Chunn, 347 F.2d 717 (4 Cir. 1965); United States v. Martell,

335 F.2d 764 (4 Cir. 1964); Finn v. United States, 256 F.2d 304 (4 Cir. 1958). In any event, charging an offense with sufficient clarity to permit appellant to defend himself and to plead a former conviction or acquittal in bar to a subsequent indictment for the same offense, and alleging jurisdiction in the district court, the indictment is not open to collateral attack. United States v. Roberts, 296 F.2d 198 (4 Cir. 1961), cert. den. 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed. 2d 85 (1962).

Affirmed.