**William Edgar JONES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21570.**

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1967.

William Edgar Jones, Springfield, Mo., in pro. per.

Joseph L. Ward, U. S. Atty., Julien G. Sourwine, Asst. U. S. Atty., Reno, Nev., for appellee.

Before HAMLEY, JERTBERG, and BROWNING, Circuit Judges.

PER CURIAM:

Appellant's petition under 28 U.S.C. § 2255 alleged that his guilty plea was induced by coercive in-custody interrogation without counsel, threats to himself and his family, and a promise of leniency. The district court denied the petition without a hearing on the ground that "the records of the case conclusively show that Petitioner is entitled to no relief and that he has presented no issues to the Court upon which a hearing is required."

The record discloses that before accepting appellant's guilty plea the district court conducted the inquiry contemplated by Rule 11 of the Federal Rules of Criminal Procedure. Appellant's petition was dismissed solely on the ground that "whenever a defendant, represented by counsel, is correctly informed by the Court of the consequences of the conviction, affirms his understanding of the charge, affirms his guilt thereof, and denies the existence of coercive influences or promises for the purpose of bringing about a plea of guilty, his 'then state of mind' is established. He cannot later be heard to say that he did not understand the consequences of conviction or that his plea was coerced by threats of the investigating officers."

The district court reasoned that this result followed as the converse of the rule announced in Heiden v. United States, 353 F.2d 53 (9th Cir. 1965). We cannot agree.

Heiden alleged that when he pleaded guilty he believed the maximum sentence for the crime charged to be ten years although in fact it was twenty—which was the sentence he received. A hearing was held. Government witnesses testified that they told Heiden before arraignment that the maximum sentence was twenty years. Heiden testified to the contrary. The district court resolved the conflict against Heiden.

We pointed out that if Rule 11 had been complied with, any possible misapprehension on Heiden's part about the possible sentence would have been dissipated. Heiden would not have faced the risk that the question of his understanding might be erroneously resolved against him in a subsequent hearing where "problems of credibility and of reliability of memory cannot be avoided." 353 F.2d at 55. We concluded that on this record it necessarily followed "that appellant was prejudiced by the failure of the sentencing court to make the required ascertainment of understanding and that this prejudice was not eliminated by the findings of fact made by the court below." Ibid.

▬▬▬ It is not the logical converse of *Heiden* that compliance with Rule 11 bars a subsequent section 2255 petition containing allegations as to factual matters outside the record of the arraignment which cannot be conclusively resolved by reference to that record. The record of the arraignment is then "evidential on the issue of voluntariness * * * not conclusive." United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 314 (2d Cir. 1963). See also Trotter v. United States, 359 F.2d 419 (2d Cir. 1966); Scott v. United States, 349 F.2d 641, 643 (6th Cir. 1965). This is such a case.

Reversed and remanded for further proceedings consistent with this opinion.