**Adolfo ZAMORA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21458.**

United States Court of Appeals
Ninth Circuit.

June 21, 1968.

Adolfo Zamora, in pro. per.

James P. Alger, U. S. Atty., Agana, Guam, for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and FOLEY,* District Judge.

PER CURIAM:

In his 2255 petition Zamora alleged that at the time he entered the plea of guilty to the charge of grand theft, upon which the conviction rests, he was unaware of the punishment provided for that crime. He asked that the sentence be vacated and the plea expunged and that he be allowed to plead anew.

The district court dismissed the petition without a hearing. This was

---

* Roger D. Foley, District of Nevada, sitting by designation.

error. The record of Zamora's arraignment for plea which was before the court below is insufficient to conclusively resolve the issue thus raised. To the contrary, it reveals that at the arraignment the court did not comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure and first determine whether Zamora tendered the plea with the understanding of the nature of the charge. Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963).

However, it does not follow that Zamora is, without more, entitled to the relief he seeks. Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) upon which relies, was decided in 1965. Zamora entered his plea and was convicted in 1963. In the recent case of Castro v. United States, 396 F.2d 345 (9th Cir. May 28, 1968), this court declined to apply the *Heiden* rule retroactively.

Thus, the judgment is reversed and the matter is remanded with direction to the district court to conduct a hearing on the petition.