James Edward **KENNEDY**, Petitioner-Appellee,

v.

**UNITED STATES** of America, Respondent-Appellant.

No. 18473.

United States Court of Appeals Sixth Circuit.

June 26, 1968.

Mervyn Hamburg, Atty., Dept. of Justice, Washington, D. C., for appellant; Robert M. Draper, U. S. Atty., Columbus, Ohio, on brief.

James Roe Beatley, Jr., Columbus, Ohio, for appellee; Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellee Kennedy was represented by appointed counsel and pleaded guilty to an information charging him with robbery of the Clintonville office of the Ohio National Bank, Columbus, Ohio, in which bank the deposits were insured by the Federal Deposit Insurance Corporation. He was sentenced to twenty years' imprisonment. Three years later he filed a motion to vacate sentence under 28 U.S.C. § 2255, claiming that two of the five Federal Agents who spoke to him prior to arraignment promised that in return for his cooperation he would receive no more than a five-year sentence. All five agents signed affidavits denying that any such promises had been made.

Without conducting a hearing, or making any determination of the truth of such claim, the District Judge granted the motion and set aside the conviction on the sole ground that the sentencing judge had accepted the plea of guilty before determining that it had been made voluntarily and with knowledge of

the nature of the charges, as required by Rule 11, F.R.Crim.P., as it existed prior to its amendment. He relied on Heiden v. United States, 353 F.2d 53 (9th Cir. 1965), and stated that he found support for his decision in Julian v. United States, 236 F.2d 155 (6th Cir. 1956).

*Heiden* has been rejected in at least three Circuits. Halliday v. United States, 380 F.2d 270 (1st Cir. 1967); Stephens v. United States, 376 F.2d 23 (10th Cir. 1967), cert. denied, 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176; Brokaw v. United States, 368 F.2d 508 (4th Cir. 1966), cert. denied, 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344. In Rimanich v. United States, 357 F.2d 537 (5th Cir. 1966) the *Heiden* rule was called a "novel doctrine". We are not inclined to follow it.

In *Julian,* counsel for defendant entered into stipulations which "* * * it is not contended that defendant acquiesced in or approved of. * * *" (236 F.2d at page 158). The stipulations therefore should not have been considered as a plea of guilty. The Court also said at page 158:

"In order to comply with the rule the District Court need not follow any particular ritual. The prerequisite is that the defendant understands the consequences of the plea * * *."

 Rule 11, as it existed prior to its amendment, does not state how or in what manner the Court shall determine the voluntariness of a plea. Matters of reality, and not mere ritual, should be controlling. Turner v. United States, 325 F.2d 988, 989 (8th Cir. 1964).

 The judgment of the District Court is reversed and the cause is remanded for an evidentiary hearing to consider the claims made by Kennedy and the response of the Government thereto, and to determine from all the circumstances of the case whether the plea of guilty was in fact knowingly and voluntarily made.