**Robert James WHITAKER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 71–225.

United States District Court, C. D. California.

March 26, 1971.

Robert James Whitaker, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief Crim. Div., Barry Russell, Asst. U. S. Atty., for respondent.

## ORDER DENYING MOTION TO VACATE SENTENCE

HAUK, District Judge.

Petitioner is in federal custody serving concurrent sentences imposed by this Court in Case Numbers 111–CD and 228–CD. A brief chronology of these two cases is helpful to an understanding of the issue involved in this Petition to Vacate Sentence under 28 U.S.C. § 2255.

### CASE NUMBER 111–CD

On December 8, 1966, Petitioner was indicted in the Central District of California for a violation of 18 U.S.C. § 2312 (Dyer Act). After pleading not guilty at Arraignment and Plea, Petitioner, on January 23, 1967, changed his plea to guilty and was, on February 20, 1967, sentenced to the custody of the Attorney General under the provisions of the Fed-

eral Youth Corrections Act. 18 U.S.C. § 5010(b).

### CASE NUMBER 228–CD

On November 21, 1966, Petitioner was charged in an information filed in the District of Arizona (having waived prosecution by indictment) of another violation of the Dyer Act. On that date Petitioner pled not guilty. Thereafter, this case was transferred pursuant to Rule 20 of the Federal Rules of Criminal Procedure to the Central District of California where, before this Court, on March 6, 1967, Petitioner changed his plea to guilty. As in 111–CD Petitioner was sentenced to the custody of the Attorney General under the Youth Corrections Act. It was ordered that this sentence was to run concurrently with the one imposed in 111–CD.

Petitioner's sole contention in this petition for post-conviction relief under 28 U.S.C. § 2255 is that his pleas of guilty in 111–CD and 228–CD were not voluntarily or understandably made because the Court failed to inform him that, since he was 21 years old, he might be sentenced under the Youth Corrections Act which provides a maximum possible sentence of six years which is in excess of the five year maximum that could be imposed under the provisions of the Dyer Act.

After reviewing the Petition, the Response, the points and authorities submitted by the parties, and the transcripts and files in Case Numbers 111–CD and 228–CD, this Court is fully advised in the premises and thus orders that the Petition to Vacate sentence under 28 U.S.C. § 2255 be denied for the following reason.

An examination of the transcripts of the proceedings on January 23, 1967, and March 6, 1967, when Petitioner made his guilty pleas, discloses that although he was advised of the maximum term possible under the Dyer Act (five years, $5,000 fine or both), he was not advised that the maximum term possible under the Youth Corrections Act was six years.

Rule 11 of the Federal Rules of Criminal Procedure requires that before the court shall accept a plea of guilty, the defendant should be addressed personally and a determination thereby made "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Most courts have held that where a court at the time of the guilty plea either misinforms or fails to inform a defendant, eligible for sentencing under the Youth Corrections Act, that he might be in custody for six years under one of the provisions of that Act (18 U.S.C. § 5010 (b)), the court has not fully advised the defendant of the consequences of his guilty plea and that the plea must be vacated when the defendant is advised that the maximum period of time for which he may be committed is less than six years and the defendant is in fact sentenced under 18 U.S.C. § 5010(b). Freeman v. United States, 350 F.2d 940 (9th Cir. 1965); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963); Quibell v. United States, 265 F.Supp. 474 (S.D. Cal.1966).

The rationale for these holdings is that at the time of the plea the defendant should know the maximum term he could possibly receive upon conviction before he pleads guilty. If he is either misinformed or uninformed regarding this maximum term, then it cannot be said that he understands fully the consequences of his plea.

Here we have a situation which is significantly different from those cited above. At the time of Petitioner's guilty plea in 111–CD on January 23, 1971, he had already been arraigned and had pled not guilty in 228–CD. Thus at this time he must have known that the maximum sentence which could have been given him upon his pleas of guilty in both cases was ten years with a $10,000 fine. We find the circumstances surrounding the taking of the pleas in these two cases analogous to taking pleas on two counts of a single indictment. In both instances the defendant knows that by pleading guilty to both offenses he is exposing

himself to the possibility of being sentenced to the maximum term for each offense and of having these run consecutively. Thus, failure of the court to advise him of the possibility of receiving a sentence under another sentencing provision, the maximum of which is less than what the court has told the defendant he might receive, could not be held to have misled the defendant in any way.

Therefore, the Court finds if there was error in failing to inform Petitioner of the possibility that he might spend up to six years in custody under 18 U.S.C. § 5010(b), this was harmless error within the meaning of Rule 52(a) because Petitioner was not misled or prejudiced. Petitioner knowingly submitted himself by his guilty pleas on January 23, 1967, and March 6, 1967, to a maximum term of ten years which was in excess of the sentence actually imposed.

Therefore, it is hereby ordered that the Petition to Vacate Sentence under 28 U.S.C. § 2255 be, and the same is, denied.