**Donald Eugene BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–2300.**

United States Court of Appeals, Ninth Circuit.

April 9, 1975.

Donald Eugene Brown, in pro. per.

Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

OPINION

Before ELY, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

On March 30, 1964, Brown pleaded guilty to the interstate transportation of counterfeit securities, a violation of 18 U.S.C. § 2314, and a judgment of conviction followed. Brown recently filed a petition for vacation of the 1964 conviction under 28 U.S.C. § 2241 et seq. The District Court denied the petition, whereupon Brown appealed. We affirm.

Brown makes two interrelated contentions: (1) that the District Court, in 1964, did not comply with Rule 11, Fed. R.Crim.P., in assuring that Brown's plea of guilty was knowingly and voluntarily made, and (2) that he, Brown, did not knowingly and voluntarily waive his right to counsel.

Both of Brown's contentions are directly and clearly undermined by the

transcript of the 1964 proceedings in the District Court. Prior to Brown's entry of his guilty plea, the district judge reminded Brown of his right to maintain his innocence, thereby casting upon the Government the burden of proving Brown's guilt beyond a reasonable doubt. Brown was informed of his right to a jury trial and witness confrontation, and he was advised of the maximum possible sentence for his alleged crime. Brown assured the court that he had been offered no "deals" and that his plea was not coerced. While emphasizing Brown's options, the court repeatedly told Brown that he could, if he so desired, obtain court-appointed counsel at no expense to himself. Brown declined to request the assistance of counsel. When asked if he understood the indictment which had been read to him by the court, Brown responded affirmatively. The court thereupon entered the plea of guilty and imposed the challenged judgment.

At the time appellant's plea was made and accepted, the controlling authority in our court was Long v. United States, 290 F.2d 606 (9th Cir. 1961). *Long*, which established a less stringent standard for the application of the requirements of Rule 11 was subsequently overruled by our court in Heiden v. United States, 353 F.2d 53 (9th Cir. 1965) (en banc), and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). However, it was held in Castro v. United States, 396 F.2d 345 (9th Cir. 1968), and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), that the more rigid standards announced in *Heiden* and *McCarthy* were not to be applied retroactively. Accordingly, the rule of *Long* (as interpreted in Munich v. United States, 337 F.2d 356 (9th Cir. 1964)) controls the disposition of Brown's appeal. It should also be noted, incidentally, that the Rule 11 provisions applicable here are those existing before the Rule's amendment in 1966.

Affirmed.