977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Louis GOSSNER, Defendant-Appellant.
 No. 90-50697.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 13, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 MEMORANDUM**
 I. Standard of Review
 We review the existence and terms of a plea agreement for clear error. United States v. Hellmandollar, 852 F.2d 498, 501 (1988). Although the voluntariness of a guilty plea is a question of law not subject to deferential review, the findings of fact underlying a district court's determination that a plea is voluntary are reviewed for clear error. Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986). A guilty plea after sentencing will not be set aside unless a manifest injustice would result. United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990).
 
 II. Defendant's Plea was Voluntary
 
 1
 Rule 11 of the Federal Rules of Criminal Procedure requires the court to personally ask a defendant who pleads guilty whether he understands the charges against him and the consequences of his plea. McCarthy v. U.S., 394 U.S. 459, 464 (1968). The court must also inquire whether the guilty plea resulted from discussions with the attorney for the government. Fed.R.Crim.P. 11(d).
 
 
 2
 The record does not support Gossner's contention that the court made an inadequate inquiry or that he pled guilty involuntarily. In Heiden v. United States, 353 F.2d 53 (1965), we vacated a guilty plea because the district court failed to ascertain whether the defendant's plea was voluntary before the defendant pled guilty. See id. at 55. This case is not analogous to Heiden because the district court made a full inquiry before Gossner pled guilty.
 
 
 3
 Gossner asserts that the district court did not adequately inquire into whether the government improperly induced him to plead guilty. However, the record plainly shows that the court extensively questioned Gossner to determine whether his plea was voluntary.
 
 
 4
 At the September 7, 1990 change of plea hearing, the judge asked Gossner if he understood the plea agreement outlined in the letter to his attorney. His answer was "yes". The judge asked if anybody had made any other promise of any kind (not in the letter) to induce the guilty plea. Gossner answered no. (Sept. 7, R. at 9-11).[1] The requirements of Rule 11 were satisfied.
 
 
 5
 Gossner contends that the U.S. Attorney told him that his sentence would not exceed twelve years. However, he stated on the record that he understood that the maximum sentence was fifty years and that he had not been promised anything else to induce his plea. (Sept. 7, R. at 12).
 
 
 6
 Reliance on Santobello v. New York, 404 U.S. 257, 262 (1971) is misplaced. The prosecutor in Santobello broke an explicit promise to the defendant not to make a sentencing recommendation. At sentencing, the Santobello prosecutor recommended that the judge give the defendant the maximum sentence.
 
 
 7
 Gossner contends that he did not receive the benefit of his plea bargain. At the plea hearing the U.S. attorney stated that he would recommend sentencing under the sentencing guidelines. The court sentenced the defendant under the guidelines as a career criminal. Thus, Gossner's sentence did not violate the plea bargain.
 
 
 8
 The district court adequately inquired into whether Gossner's guilty plea was voluntary. He received the benefit of his bargain.
 
 
 9
 Affirmed.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Citations to the record are to defendant's excerpts from the record