NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0406n.06

Nos. 13-2297, 13-2385 & 13-2405

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jun 04, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DARREN TERRY, DERRICK TERRY, and | ) | COURT FOR THE EASTERN |
| DANTA JOHNSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellants. | ) | |

Before: COLE, Chief Judge; GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Darren Terry, Derrick Terry, and Danta Johnson each pled guilty to conspiracy to distribute marijuana. On appeal, Johnson and Derrick Terry argue that the district court failed to comply with Rule 11 during their plea hearings. Darren Terry argues that his lawyer was constitutionally ineffective. We affirm.

I.

In December 2011, a grand jury charged the three defendants with, among other things, conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. All three agreed to plead guilty to the conspiracy charge. Their plea agreements each contained an appellate-waiver provision.

The district court held a separate plea hearing for each defendant. During these hearings, each stated that he had read and signed the plea agreement, that he had read the waiver provision, and that he had no questions about the agreement or the waiver. All three then pled guilty. The

court later sentenced them within the ranges specified in their respective plea agreements. These appeals followed.

## II.

## A.

Derrick Terry argues that his guilty plea was not knowing and voluntary because the district court failed to comply with Federal Rule of Criminal Procedure 11. He failed to object on that basis below, however, so we review for plain error. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). To comply with Rule 11, the district court must among other things "determine that the defendant understands" the "terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed R. Crim. P. 11(b)(1)(N). During Derrick's plea hearing, the district court asked Derrick to read the entire appellate-waiver provision silently to himself while the district court read it aloud in open court. Derrick confirmed that he heard what the district court had read. The court also asked Derrick if he had any questions about the provision; Derrick said he had none. The district court thus had reason to think that Derrick understood the terms of the waiver provision.

Derrick responds that the district court never asked specifically whether he "understood" the agreement. But this court has routinely confirmed that, in a plea colloquy, "[m]atters of reality, not mere ritual, should be controlling." *Kennedy v. United States*, 397 F.2d 16, 17 (6th Cir. 1968). In fact, the court has addressed precisely the question presented here and concluded that "the district court's failure to inquire specifically as to whether [the defendant] understood the appellate-waiver provision was not erroneous." *United States v. Sharp*, 442 F.3d 946, 951 (6th Cir. 2006). Here, the district court properly "determined"—the sense that Rule 11

uses the word—that Derrick understood the appellate-waiver provision when the provision was read to him in its entirety and he acknowledged that he had no questions about it.

Derrick also argues that the terms of his waiver "do not bar the appeal of his sentence." Br. at 18. But Derrick has not challenged his sentence, so we need not address that argument.

B.

Johnson argues that the district court failed to comply with Rule 11 in two ways. He failed to object to those alleged failures below, so again we review for plain error. *Webb*, 403 F.3d at 378. Johnson first contends that the district court failed to "determine that there was a factual basis for [his] plea." Fed. R. Crim. P. 11(b)(3). A person conspires to distribute marijuana if he "knew of, intended to join, and participated in" a plan to distribute that drug. *United States v. Elder*, 90 F.3d 1110, 1120 (6th Cir. 1996). Here, Johnson admitted during his plea hearing that he had knowingly and voluntarily "agree[d] with other individuals that [he] would distribute marijuana for them." And he admitted in his plea agreement that he had "assisted in the delivery of drugs obtained by other members of the conspiracy." Thus, the district court properly determined that there was a sufficient factual basis for Johnson's plea of guilty to conspiracy to distribute marijuana.

Johnson also contends that the court failed to determine whether he understood "the nature of [the] charge to which [he was] pleading." Fed. R. Crim. P. 11(b)(1)(G). If the government charges the defendant with an "easily understood" crime, then the district court may discharge this obligation by reading "a summary of the charges [contained] in the indictment." *United States v. Valdez*, 362 F.3d 903, 910 (6th Cir. 2004). For these purposes, conspiracy to distribute marijuana is an "easily understood" crime. *Id.* Here, the district court told Johnson during his plea hearing that the indictment charged him with conspiracy to distribute marijuana,

and Johnson said he had no questions about the charge. Johnson also confirmed during the hearing that he had read the entire plea agreement—which spelled out the elements of that charge in greater detail—and discussed the agreement with his attorney. Thus, the district court properly determined that Johnson understood the nature of the charge to which he was pleading.

C.

Darren Terry argues that his defense counsel provided constitutionally ineffective assistance because counsel had previously represented a codefendant. But we typically address ineffective-assistance claims on direct review only if counsel's ineffectiveness is "apparent from the record." *Valdez*, 362 F.3d at 913-14. Here it is not: Darren merely alleges that his attorney might have represented him ineffectively, and provides no concrete examples as to how. We therefore do not address the merits of Darren's ineffective-assistance claim.

Darren also asks us to remand his case to the district court for an evidentiary hearing, as we did in *United States v. Osborne*, 402 F.3d 626 (6th Cir. 2005). There, defense counsel jointly represented two codefendants during the same proceeding. Under those circumstances, Rule 44 provides that the district court shall "promptly inquire" into whether counsel can effectively represent both defendants. Fed. R. Crim. P. 44(c)(2). The district court in *Osborne* had failed to make that inquiry, so we remanded the case for the court to conduct a Rule 44 hearing "after the fact." 402 F.3d at 634. There is no need to do that here: Darren's lawyer was no longer representing a codefendant when he began representing Darren, which means the district court did not need to conduct a Rule 44 hearing in the first place. *See Mickens v. Taylor*, 535 U.S. 162, 175 (2002).

The district court's decision is affirmed.