David L. **HANSFORD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19436.

Criminal 579-64.

United States Court of Appeals
District of Columbia Circuit.

Oct. 14, 1966.

For original opinion see 124 U.S.App.
D.C. 387, 365 F.2d 920.

Mr. Joseph F. Hennessey, Washington,
D. C. (appointed by this court), for appellant.

Mr. Charles A. Mays, Asst. U. S. Atty.,
with whom Messrs. David G. Bress, U. S.
Atty., and Frank Q. Nebeker and William
C. Weitzel, Jr., Asst. U. S. Attys., were
on the brief, for appellee.

Before BAZELON, Chief Judge, and
FAHY, DANAHER, BURGER, WRIGHT, MC-
GOWAN, TAMM and LEVENTHAL, Circuit
Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of appellee's petition
for rehearing *en banc* and appellant's opposition thereto and there not being a
majority of the circuit judges in favor
of a rehearing of the above-entitled case
by the court *en banc*, the petition for rehearing *en banc* is hereby denied.

DANAHER, BURGER, McGOWAN
and TAMM, Circuit Judges would grant
appellee's petition for rehearing *en banc*.

Statement of Judge Leventhal why he
would deny appellee's petition for rehearing en banc:

In voting to deny the Government's petition for rehearing en banc, I note that
I do not consider the decision of the division to be determinative on the issue of
whether a competency hearing is required when the only evidence before the
judge is that the defendant is taking
drugs. The case at bar is one where the
evidence brought before the judge certain facts which at the very least unsettled any inference available from defendant's lucidity and apparent rationality.
These facts include, importantly: The
court-appointed psychiatrist found that
this defendant had an acute brain syndrome under conditions of narcotics usage, on the occasion of each of the three
pre-trial examinations. St. Elizabeths
had never examined defendant while under the influence of narcotics. The acute
brain syndrome is such as to preserve a
general degree of present orientation, but
to grossly impair memory recall. Last
but not least, the expert testimony of
record reveals that the existence of an
acute brain syndrome is not readily observable.

In Pate v. Robinson, 383 U.S. 375, 86
S.Ct. 836, 15 L.Ed.2d 815 (1966) Robinson's trial counsel presented a motion
and request for continuance based on
"present insanity," which the Supreme
Court interpreted as "necessarily placing
in issue the question of Robinson's mental competence to stand trial," 383 U.S.
at 384-385, n. 6, 86 S.Ct. at 841. Absence of such a motion would not seem
controlling, at least when as here the
condition is such as not to be readily apparent to laymen.

The implication of Pate v. Robinson
in terms of trial procedure are not easy
to ascertain. The Government suggests
that the panel's division entails inevitable continuances for psychiatric examinations of narcotics addicts that will
embarrass judicial administration. On
the other hand, a condition of drug taking at trial would apparently be enough
under Sanders v. United States, 373 U.S.
1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963),
to require a hearing on collateral attack,
when the evidence would be stale. I offer for consideration the possibility that
the trial judge could proceed with the
trial, particularly if the end is nigh, but
schedule a psychiatric examination and
hearing on competency immediately
thereafter, perhaps even while the jury
is deliberating. The court's disposition,
sua sponte or on post-conviction motions,
based on such contemporaneous evidence,

would avoid the difficulties inhering in a hearing long after the fact, and may obviate retrials.

In any event, I think the problems of judicial administration that lie ahead will be better resolved in the course of customary case by case experience than through en banc consideration in the case at bar.