**William Jerald MYERS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17254.**

United States Court of Appeals
Sixth Circuit.

April 18, 1967.

**516**

Leslie W. Morris, II, Lexington, Ky., for appellant.

James F. Cook, Asst. U. S. Atty., Lexington, Ky. (George I. Cline, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This appeal is from an order after a hearing overruling appellant's motion to vacate judgment under 28 U.S.C. § 2255 (1964).

Appellant was charged with transporting a stolen automobile to Kentucky in violation of the Dyer Act, 18 U.S.C. § 2312 (1964). Appellant, after consulting with appointed counsel, pled guilty. The District Judge who took the plea then announced that appellant "should be committed to the custody of the Attorney General for discipline and training under the Youth Corrections Act," 18 U.S. C. §§ 5005–5024 (1964).

Appellant was sent to a Youth Correction Center at Chillicothe, Ohio, where he remained for two years before being granted a conditional release.

On violation of the terms of that release, appellant was returned to Chillicothe. He thereupon filed the instant motion to vacate sentence. His petition recited that he had been informed by the Court that the maximum he could receive if he pleaded guilty was five years and that the Court did not explain the terms of the Youth Corrections Act to him.

His petition cited and relied on Pilkington v. United States, 315 F.2d 204 (C.A. 4, 1963).

The District Judge who denied his motion to vacate sentence did so after full evidentiary hearing. He said in part:

"This case is not the *Pilkington* case. The *Pilkington* case is where the judge made a positive statement which mislead the defendant. This is not the *Williams* case. In the *Williams* case he had no attorney to advise him. In the *Pilkington* case, the judge made a positive statement to him   *   *   *."

\*     \*     \*     \*     \*     \*

"There is no reason as I can find that this defendant has been in any way misled or has not been fully advised of his rights before he entered his plea.   *   *   *"

The record clearly shows that the sentencing judge did *not* tell appellant that his plea could only result in a maximum of five year. Cf. Pilkington v. United States, supra. It also clearly shows that he did tell appellant that he was being sentenced under the Youth Corrections Act. He did not, however, specifically inform him of the total length of incarceration which was possible under the Youth Corrections Act.

In this appeal the only question of substance is whether or not the District Judge in sentencing defendant on a plea of guilty deprived him of some legal or constitutional right by failing to advise him prior to committing him under the Youth Corrections Act that this could

result in a total of six years of incarceration.

No appeal was taken from the sentence, nor was any effort made to set it aside until after Myers had been released conditionally at the end of about two years, and had violated the terms of the parole and been reincarcerated.

The District Judge, after full hearing, found no legal or constitutional deprivation and held that the appellant was not misled by ignorance of the facts into a plea of guilty which was involuntary.

■ We cannot hold this finding to be clearly erroneous.

Contrary to the facts in the *Pilkington* case, heavily relied on in this appeal, there is no factual misrepresentation made to appellant by the sentencing judge. Further, here, as contrasted with *Pilkington,* there has been a full evidentiary hearing on appellant's motion under Section 2255.

Contrary to the facts in the *Williams* case (Williams v. United States, 231 F. Supp. 382 (E.D.Ky.1964)) appellant's plea herein was entered after advice of competent counsel.

While not controlling on voluntariness of the plea, we also note that appellant admits full knowledge of the nature of the Youth Corrections Act (and its potentialities for a maximum of six years' imprisonment) shortly after his arrival at the Youth Correction Center at Chillicothe. No motion for relief was filed then or for a matter of several years thereafter, until appellant had been released on parole under the terms of the Youth Corrections Act.

■ While we agree with Judge Sobeloff in Pilkington v. United States, supra, that it is highly advisable for a District Judge in sentencing under the Youth Corrections Act to make an explanation of its purpose and terms, we do not believe that failure to do so (in facts such as these) represented a violation of appellant's legal or constitutional rights.

Affirmed.