**Collier Lee SMITH, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 18110.

United States Court of Appeals
Sixth Circuit.

Aug. 22, 1968.

Frank F. Wilson, II, Lexington, Ky., for appellant.

Pat Molloy, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Petitioner appeals from the denial of his motion to vacate sentence under 28 U.S.C. § 2255 (1964). He had pleaded guilty to escaping from the United States Public Health Service Hospital at Lexington, Kentucky in violation of 42 U.S.C. § 261(b) (1964). He was sentenced to five years in the federal penitentiary to be served consecutively to a then current four-year · sentence. He claimed before the United States District Judge and now claims before us that his sentence for escape should be set aside because the District Judge was put on notice that he was mentally incompetent to stand trial and should have referred him for psychiatric examination. He also claims that his plea of guilty was not "voluntary" because he was not informed as to its consequences.

■ As to the first of these claims we find no reversible error. Petitioner was represented by counsel throughout the proceedings. His counsel had requested a sanity examination under 18 U.S.C. § 4244 (1964), claiming that at the time of his escape petitioner was acting under an irresistible impulse. The District Judge clearly indicated that he would consider the motion for a section 4244 examination if petitioner was "unable to assist in his defense or presently insane." Petitioner's counsel stated that petitioner did not claim lack of competence to stand trial. The judge thereupon denied the motion for a mental examination, correctly pointing out that the examination provided by section 4244 is designed to test only competence to stand trial and that the claim of temporary insanity must be taken up at trial as a defense. Petitioner subsequently entered a plea of guilty.

We find no abuse of petitioner's rights in this process. Nor did this record serve to put the District Judge on notice of petitioner's incapacity to stand trial so that he should have ordered the examination *sua sponte*. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920, rehearing denied, 127 U. S.App.D.C. 359," 384 F.2d 311 (1966).

■ As to petitioner's contention that his sentence should be set aside because he was uninformed of the consequences of his plea, we have another matter. Rule 11 of the Federal Rules of Criminal Procedure provides:

"A defendant may plead not guilty, guilty or, with the consent of the

court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

At the arraignment on plea petitioner told the District Judge: "I would like to ask you to consider any—whatever additional sentence that you give me to run concurrent with the time that I am already doing."

Clearly he then believed that the sentence for escaping from the hospital could be made concurrent when in fact the statute concerned, 42 U.S.C. § 261(b) (1964), requires that the sentence be consecutive to any sentence then being served. The record does not disclose that the petitioner's misapprehension as to the possible consequences of his plea was ever corrected by anyone prior to its acceptance and his subsequent sentencing thereunder.

■ Under Rule 11 a plea of guilty is not deemed voluntary where the person entering it does so without understanding *the consequences of his plea*. Munich v. United States, 337 F.2d 356 (9th Cir. 1964)[1]; Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963); see also Myers v. United States, 375 F. 2d 515 (6th Cir. 1967); United States v. Diggs, 304 F.2d 929 (6th Cir. 1962). The language italicized above was added to Rule 11 in 1966. The committee note indicated that the amendment was designed to state the law as it had been stated in Munich v. United States, supra; Pilkington v. United States, supra; and by dictum in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Fed.R.Crim.P. 11, 18 U.S.C. App. Rule 11 (Supp. II, 1965–66) (Committee note).

---

[1]. In Heiden v. United States, 353 F.2d 53 (9th Cir. 1965), the application of Rule 11 in relation to federal criminal trials was made mandatory regardless of any

Under the disposition we make of this case we find no reason to deal with petitioner's additional claim that he was deprived of the right to meaningful legal representation in violation of the Sixth Amendment.

Reversed and remanded for entry of an order vacating sentence and plea and for a new trial.

showing of prejudice. A panel of this circuit has declined to follow the *Heiden* rule. Kennedy v. United States, 397 F.2d 16 (6th Cir. 1968).