**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0736n.06

**No. 09-5448**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Nov 23, 2010**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| **ROCKY BRUMMETT**, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| *Defendant-Appellant*. | ) | **O P I N I O N** |
| | ) | |

BEFORE:     KENNEDY, COLE and ROGERS, Circuit Judges.

**COLE, Circuit Judge**.  Defendant-Appellant Rocky Brummett appeals one aspect of his 240-month sentence under 21 U.S.C. §§ 841, 846 and 851 for conspiracy to manufacture methamphetamine: the district court's decision to deny Brummett's U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 5G1.3(c) motion to impose his federal sentence partially concurrently with his undischarged state sentence.  Brummett argues specifically that the district court did not address the factors in the commentary to § 5G1.3(c) in concluding that his federal sentence should run consecutively to his state sentence.  For the reasons below, we **AFFIRM** Brummett's sentence.

**I.**

From June 17, 2005 until January 11, 2007, Brummett was involved in a conspiracy to manufacture at least fifty grams of methamphetamine.  On September 14, 2006, Brummett

committed the state offense of promoting contraband in the first degree when he brought marijuana into the Laurel County Detention Center while serving time there for an unrelated offense. On January 11, 2007, Brummett committed the state offense of receiving stolen property of the value of $300 or more when he received a stolen all-terrain vehicle ("ATV") in exchange for methamphetamine. On February 14, 2007, a jury convicted Brummett of the promoting-contraband offense, and he received a sentencing enhancement for being a persistent felony offender in the second degree (based on a 2002 conviction for possession of contraband). Brummett was sentenced in state court to ten years in prison for this offense and enhancement, with a minimum term expiration date of April 17, 2014. Meanwhile, Brummett was sentenced to five years in prison for the receiving-stolen-property offense, to run concurrently with his promoting-contraband offense.

Here, Brummett pleaded guilty to conspiring to manufacture methamphetamine in the U.S. District Court for the Eastern District of Kentucky. Prior to Brummett's plea, the government filed a notice that it would seek to increase Brummett's minimum period of incarceration to no less than twenty years because he possessed "a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(A)(vii). The prior felony drug conviction was in 2002 for first-degree possession of a controlled substance.

On March 27, 2009, Brummett moved under U.S.S.G. § 5G1.3(c) to request that his federal sentence run partially concurrently with his state sentence, for which he was incarcerated until at least April 17, 2014. At Brummett's federal sentencing on April 7, 2009, the district court heard argument on the § 5G1.3(c) motion and decided to impose a 240-month mandatory-minimum sentence *consecutively* to Brummett's state sentence. Brummett timely appealed.

**II.**

Both parties agree that § 5G1.3(c) applies. Section 5G1.3(c) of the Guidelines provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* (2008). The commentary to the section explains further:

> In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:
>
> > (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));
> >
> > (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> >
> > (iii) the time served on the undischarged sentence and the time likely to be served before release;
> >
> > (iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> >
> > (v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3(c) cmt. n.3(A) (2008).

We review a district court's determination that sentences should run consecutively or concurrently under § 5G1.3(c) for abuse of discretion. *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). When a district court imposes consecutive sentences, it does not abuse its discretion so long as it "'makes generally clear the rationale under which it has imposed the consecutive

sentence and seeks to ensure an appropriate incremental penalty for the instant offense.'" *Id.* (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). However, the district court does not enjoy "unfettered discretion[, and] the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in [making] its determination." *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997).

Brummett argues the district court did not address the factors listed in the commentary to § 5G1.3(c). He characterizes the district court's consideration as solely focused "on . . . whether Brummett's receiving stolen property over $300.00 sentence was sufficiently related to his conviction for manufacturing methamphetamine[,] which was the subject of his federal sentencing." (Brummett Br. 16.) Brummett acknowledges that the district court generally considered the 18 U.S.C. § 3553(a) factors, as subsection (i) of the commentary to § 5G1.3(c) requires, but claims it did not do so "in addressing whether Brummett's [federal] sentence should run concurrently with his undischarged state sentence." (*Id.* at 17.) The government responds that the district court adequately addressed these factors in reaching its § 5G1.3(c) decision and in imposing Brummett's sentence.

In *Berry*, we found a district court's § 5G1.3(c) discussion adequate where the district court identified that Guidelines provision, "recognized the Section 3553(a) factors and discussed Berry's age, the pattern of crime over his lifetime, his prior convictions and concluded that it 'did not find a rationale for departing from those guidelines or for a variance.'" 565 F.3d at 342-43 (quoting the record). Analyzing the district court's language, we found the statement, "[t]hough brief," to be "sufficient to demonstrate the imposition of the consecutive sentence was reasonable" when viewed

"in conjunction with the [district] court's invocation of Section 3553(a)," as well as his criminal history. *Id.* at 343. We explained: "We have never held that a district court is required to repeat a Section 3553(a) analysis in its consideration of the consecutive or concurrent nature of a sentence when the same reasons for rejecting a downward variance also support the decision for a consecutive sentence." *Id.* We then held: "Requiring district courts to conduct a separate Section 3553(a) analysis for the concurrent or consecutive nature of the sentence would be repetitious and unwarranted, and we hold that district courts have no such distinct obligation." *Id.*

Similarly, in *United States v. Watford*, the district court stated that it "considered the guideline guidance in 5G1.3(c) and the factors set forth in the commentary, as well as 3584 of Title 18 and 3553(c)-3553(a)," but grounded its decision to impose the federal sentence consecutively largely on the fact that "[t]he conduct in this case has absolutely nothing to do with anything that happened in [connection to the state conviction] . . . , [and thus] the conduct in this case stands apart and is separable factually, temporally and in any other fashion." 468 F.3d 891, 916 (6th Cir. 2006) (quoting the record). Reviewing that determination, we held that the district court's explanation, "while somewhat cursory," was not an abuse of discretion, because "it is clear that the District Court considered the recommendations of the Guidelines and the pertinent policy statement." *Id.* at 917; *see also United States v. Harmon*, 607 F.3d 233, 239-40 (6th Cir. 2010) (finding no plain error where the district court did not mention § 5G1.3(c) but was "aware of the length and parolability of [the defendant]'s undischarged state sentence," discussed concern regarding knowing precisely how long the defendant would be incarcerated on his state conviction, and stated that § 3553(a) factors drove its sentence pronouncement, including, "in part, . . . its prior denial of [the defendant's] request for

a concurrent sentence"); *United States v. Campbell*, 309 F.3d 928, 931 (6th Cir. 2002) (finding no abuse of discretion where "[t]he record . . . shows that the district court imposed a consecutive sentence because it was reasonable in light of the factors listed § 3553(a)," and where the district court concluded that "'a sentence at the low end of the range would not satisfy most of the sentencing objectives set out in § 3553(a)'" (quoting the record)); *Covert*, 117 F.3d at 946 ("In this instance we do not believe the district court abused its discretion even though it did not, on the record, perform the specific calculations suggested by the guidelines. The totality of the record makes clear that the district court properly turned its attention to § 5G1.3(c) and the relevant commentary before imposing a consecutive sentence.").

Here, the record reveals that the district court received detailed argument on the § 5G1.3(c) issue from both parties, before turning to the issue itself and holding that Brummett's federal sentence should run consecutively to his undischarged state sentence. Defense counsel argued that a concurrent sentence was appropriate because "Brummett's receipt of the stolen ATV was related to the underlying charge of conspiracy to manufacture methamphetamine." (Brummett's Supp. Sentencing Mem. on § 5G1.3(c), Dist. Ct. Docket No. 179, at 2.) At sentencing, defense counsel continued to point to the relationship between the receiving-stolen-property offense and the methamphetamine conspiracy as grounds for imposing a partially concurrent federal sentence to Brummett's state sentence. The government responded that, while the receiving-stolen-property offense broadly related to the methamphetamine conspiracy, the former conviction punished something entirely separate. The government also emphasized that "[t]he 2001 conviction, which . . . form[ed] the basis for his [21 U.S.C. §] 851 enhancement, was well before the time period of this

conspiracy, [and] was not encompassed by this conspiracy." (Sentencing Hr'g Tr., Dist. Ct. Docket No. 206, at 24.)

Subsequently, the district court discussed the 18 U.S.C. § 3553(a) factors, including the need to protect the public and provide deterrence, Brummett's drug addiction issues, and his need for vocational training. The court then considered "whether this sentence should be concurrent or partially concurrent under 5G1.3," (*id.* at 29-30):

> And I certainly understand the arguments that have been raised as to the various state terms that have been imposed, and I do understand the argument that the charge reflected in paragraph 96 [the possession-of-contraband conviction], I believe it was, would be the charge that would be used as an enhancement under 851, but that is too tenuous for the Court to use that as a reason to impose a partially concurrent sentence. I do understand that the Court can consider all information in the case in determining whether a concurrent or partially concurrent sentence would be appropriate, but under the circumstances of this particular case and for the reasons that I explained during my questions and my discussion with counsel, I don't believe it would be appropriate in this particular case. And, quite frankly, I don't believe that the other charge for which Mr. Brummett received a five-year sentence would be sufficiently connected. While he was dealing with the co-defendant [for the stolen ATV], . . . he was convicted for receiving stolen property, which is a separate and independent crime [from conspiracy to manufacture methamphetamine]. . . . And the other charge that forms the basis for the 851 enhancement is even more tenuous. And so the Court doesn't believe that it would be appropriate [to run the sentences concurrently or partially concurrently], but I certainly do understand and appreciate the argument in that regard that has been made.

(*Id.* at 30-31.)

Examination of the district court's discussion, especially in light of its colloquies with the parties, reveals that it adequately "turned its attention to § 5G1.3(c) and the relevant commentary in [making] its determination." *Covert*, 117 F.3d at 945. In *Berry*, we held that a district court need not go through the § 3553(a) factors separately in the context of § 5G1.3(c), 565 F.3d at 343, and the

district court here adequately discussed the § 3553(a) factors before turning to the § 5G1.3(c) issue.

Moreover, here the district court explicitly referred to § 5G1.3(c)—albeit not the commentary—and

discussed its discretion thereunder to run Brummett's federal sentence concurrently, partially

concurrently, or consecutively. *Compare United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994)

(vacating a consecutive federal sentence when the district judge "did not expressly turn his attention

to § 5G1.3(c) and Application note 3 of the commentary" and the reviewing court could not

determine "whether the district court's failure to expressly address the guideline and commentary

resulted in an incorrect application of the Sentencing Guidelines"), *with* Sentencing Hr'g Tr., Dist.

Ct. Docket No. 206, at 29-30 (specifically addressing "whether [the federal] sentence should be

concurrent or partially concurrent under 5G1.3" to Brummett's undischarged state sentence). And

though the district court did not specifically discuss the factors in the commentary, "the totality of

the record shows that the [district] court considered each of the factors contained in application note

3(A) and thus committed no error." *Harmon*, 607 F.3d at 239. The district court and Brummett's

counsel had an extensive discussion about the nature and length of the sentences for both of

Brummett's state convictions, (*see* Sentencing Hr'g Tr., Dist. Ct. Docket No. 206, at 13-15),

demonstrating that the district court considered the "type (e.g., determinate, indeterminate/parolable)

and length of [Brummett's] prior undischarged sentence," U.S.S.G. § 5G1.3 cmt. n.3(A)(ii); *see also*

*Watford*, 468 F.3d at 917. Furthermore, the district court's focus on the relatedness of the facts

underlying the state and federal sentences is appropriate, *see Watford*, 468 F.3d at 917, and

understandable given that defense counsel concentrated almost exclusively on this issue in his §

5G1.3(c) argument. The record thus demonstrates that the district court adequately examined the

factors in § 5G1.3(c) and the commentary in reaching its decision.

## III.

For the foregoing reasons, we **AFFIRM** Brummett's consecutive sentence of 240 months.