**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0536n.06

CASE No. 17-4225

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Oct 25, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| KEVIN SIMONS, | ) | THE NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: COLE, Chief Judge; WHITE and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Kevin Vincent Simons appeals his within-Guidelines sentence of 105 months' imprisonment for aiding and abetting a bank robbery. For the following reasons, we **AFFIRM**.

**I.**

On July 25, 2016, Simons went looking for a bank to rob. Two people joined him in this criminal endeavor: Alyssa Williams—his girlfriend—and a person known as "Lil Gary." Simons and Williams first went to the Dollar Bank in Maple Heights, Ohio, but decided not to rob it when they spotted a police officer inside. After meeting up with Gary, all three of them went to the U.S. Bank in Bedford. Simons was to act as the getaway driver and Gary as the lookout while Williams performed the robbery. But they abandoned that plan too because a camera caught sight of Williams and she was not in disguise.

Eventually, they found their way to the U.S. Bank in Maple Heights. Simons stayed in the car and acted as the lookout and getaway driver while Williams and Gary went into the bank.

Before leaving the car, Gary gave Williams a black semiautomatic pistol, which she concealed underneath her pants. Once inside, Williams approached and gave one of the tellers a demand note that stated, "$10,000. There's a man outside he's armed. I am armed as well. $10,000 or I will shoot."[1] The teller complied and gave Williams approximately $2,893. Williams and Gary then rejoined Simons in the car and the three of them fled the area and split the proceeds.

After the robbery, a photo of Williams began to circulate on the news and internet, so she and Simons went to Conyers, Georgia where Simons' uncle lived. There, Simons robbed another bank on August 3, 2016—a Wells Fargo. As Williams did in Ohio, Simons used a demand note during this robbery while he concealed his mother's pistol in his pants. After fleeing the bank, Simons removed his clothes and left them and the gun behind. Later that day, police arrested Williams in Conyers as she tried to retrieve the firearm and clothing that Simons had discarded. She eventually admitted to being Simons' girlfriend and robbing the U.S. Bank in Ohio.

Meanwhile, police in Ohio were looking for Simons in connection with the Georgia robbery when they received information leading them to suspect he would be involved in a drug deal. On August 12th, Steubenville police located Simons in his car and activated their emergency lights. Upon seeing the lights, Simons reversed into one of the police cars but another police car blocked him and he was arrested. After searching Simons and his car, police found crack cocaine, a digital scale, a firearm, and suspected heroin, among other things. And in a later search of his residence, police found a bullet-proof vest, ammunition, a magazine containing live rounds, and a hotel flyer from Conyers. For this, Simons was convicted of a weapons count and sentenced to twenty-four months of imprisonment. He was also convicted of two drug possession counts and

---

[1] The PSR indicates that this is a paraphrase of what the note said. (Doc. 15, Presentence Report ("PSR") at 4 ¶ 4.)

sentenced to twelve months each for those counts. All three sentences were to be served concurrently to each other. Later, Simons was also sentenced to twelve months of imprisonment, to run concurrently with his other sentences, for violating the terms of his supervised release.

On July 20, 2017, Simons pleaded guilty to a one-count indictment charging him in connection with the Ohio bank robbery. The indictment charged Simons with aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. At Simons' sentencing hearing, the district court adopted the recommendations of the probation department's PSR, which calculated Simons' Guidelines sentencing range as 100 to 125 months based on a total offense level of 24 and a category VI criminal history. The sentencing court sentenced Simons to 105 months in prison to run consecutively to his undischarged state sentence. Simons now appeals this sentence.

## II.

Simons first challenges the district court's application of a sentencing enhancement to his base offense level under the Guidelines. "In our review of a district court's calculation of the applicable Guidelines, we generally review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Taylor*, 648 F.3d 417, 431 (6th Cir. 2011) (internal quotations and alterations omitted). Together, § 2B3.1(b)(2)(C) and § 1B1.3(a)(1)(B) provide for a five-level sentencing enhancement if it was "reasonably foreseeable" to a defendant that his accomplice would brandish or possess a firearm in the commission of a bank robbery. U.S.S.G § 1B1.3(a)(1)(B); § 2B3.1(b)(2)(C). Simons argues that the district court "failed to make this inquiry" before applying the enhancement.

But the district court did make this inquiry. At Simons' sentencing hearing, the court first asked whether he or his counsel objected to any paragraph in Simons' PSR. His counsel objected to paragraph twenty-two, which computed a five-level sentencing enhancement under

§ 2B3.1(b)(2)(C) and § 1B1.3(a)(1)(B) "[s]ince a firearm was possessed by [Simons']
accomplice." The court overruled that objection, stating, "it was foreseeable that Ms. Williams . . .
was armed," since Simons "transported Ms. Williams to the bank." (R. 30, Sentencing Hr'g Tr. at
PageID #151.) Thus, the court asked whether Simons could reasonably foresee that Williams
would be armed. And it found that he could.

Nor was the court's finding clearly erroneous, as Simons seems to argue. "A finding of fact
will only be clearly erroneous when, although there may be some evidence to support the finding,
'the reviewing court on the entire evidence is left with the definite and firm conviction that a
mistake has been committed.'" *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997) (quoting
*Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

As mentioned, the court noted that Simons transported Williams to the bank robbery. In
addition, Simons was in the car with Gary and Williams when Gary gave Williams the firearm to
rob the bank. (R. 15, PSR at 5 ¶ 9.) And Simons reportedly wrote the demand note that Williams
used during the bank robbery. (*Id.* at 4 ¶ 4 n.1.) Because "these facts were set out in the PSR and
[Simons] did not object to them there . . . the district court would have been entitled to rely on
them on that basis." *United States v. Greer*, 872 F.3d 790, 798 n.6 (6th Cir. 2017); *see United
States v. Whitelow*, 596 F. App'x 382, 386 (6th Cir. 2015) (holding that undisputed facts in a PSR
established a sufficient basis to support district court's sentencing enhancement).

Considering "the entire evidence," we are not "left with the definite and firm conviction
that a mistake has been committed." Accordingly, the district court did not clearly err in finding
that Simons could have reasonably foreseen that Williams would be armed during the robbery.

**III.**

Next, Simons makes two arguments regarding the district court's decision to run his sentence consecutively, instead of concurrently, to his undischarged state sentence. He raises both for the first time on appeal.

Simons' first argument is that the district court violated Rule 11 by failing to warn him that it could impose a consecutive sentence. Rule 11 governs what information the sentencing court must provide the defendant before accepting a guilty plea. *See* Fed. R. Crim. P. 11(b)(1)); *United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir. 1990). We ordinarily review potential Rule 11 violations for harmless error. *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012) (citing Fed. R. Crim. P. 11(h)). But because Simons failed to timely object to this supposed violation, "the standard shifts to plain error and the burden is on . . . [Simons] to show that but for the error, he would not have pleaded guilty." *Martin*, 668 F.3d at 791 (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 82–83 (2004)).

Here, Simons fails to show that the trial court committed error, much less plain error. He cites no cases in support of his position. And Rule 11 does not state anything expressly about consecutive sentencing. Moreover, this court has held at least twice that "there is no requirement in Fed. R. Crim. P. 11 that the court explicitly admonish a defendant that a sentence may be imposed consecutively." *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994); *United States v. Gaskin*, 587 F. App'x 290, 297 (6th Cir. 2014).[2] And several of our sister circuits have

---

[2] We found just one case in which we held that the district court violated Rule 11 by failing to inform the defendant about the consecutive nature of his sentence before he pleaded guilty. *See Smith v. United States*, 400 F.2d 860, 862 (6th Cir. 1968) (per curiam). But the *Smith* court did not hold that there is a general, independent judicial duty to inform a defendant that a sentence might be consecutive. In *Smith,* the defendant asked the district judge specifically at his plea arraignment to consider making his sentence run concurrently with the sentence he was already serving. *Id.* The statute at issue, however, required that his sentence "be consecutive to any sentence then being served." *Id.* We held it was a Rule 11 violation to accept the defendant's guilty plea without correcting the defendant's "misapprehension as to the consequences of the plea." *Id.*

held in accord. *See, e.g.*, *United States v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996); *United States v. Hamilton*, 568 F.2d 1302, 1304–06 (9th Cir. 1978); *United States v. Saldana*, 505 F.2d 628, 628 (5th Cir. 1974); *Paradiso v. United States*, 482 F.2d 409, 415 (3rd Cir. 1973).

Simons has also not shown that he would not have pleaded guilty had he been informed otherwise. He makes no such argument in his brief, nor is there any indication of that from the record. Simons has therefore not shown that the district court plainly erred by failing to inform him that his sentence could be made to run consecutively to his undischarged state sentence.

Simons' second argument is that the district court did not sufficiently explain its reasons for imposing a consecutive sentence instead of a concurrent sentence. Normally, our review of a district court's decision to impose a consecutive sentence is for an abuse of discretion. *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). But because Simons raises this argument for the first time on appeal, our review is for plain error. *See United States v. Gibbs*, 506 F.3d 479, 483 (6th Cir. 2007) (citing *United States v. Graham*, 275 F.3d 490, 522 (6th Cir. 2001)).

The district court must consider the factors set forth in 18 U.S.C. § 3553(a) when determining whether a prisoner's sentence should run consecutively to his undischarged state sentence. *See* 18 U.S.C. § 3584(b). Generally, "the court should also consider the relevant

---

Here, however, Simons was under no misapprehension, because neither he nor the district judge said anything about the potential consecutive nature of his sentence during his plea hearing. Moreover, the *Smith* court was interpreting a previous version of Rule 11 that required courts to ensure that a defendant understood "the consequences of the plea" before accepting a guilty plea. *Smith*, 400 F.2d at 862. But that rather vague language was removed in the 1974 amendments to the Rule in favor of language identifying "more specifically what must be explained to the defendant." Fed. R. Crim. P. 11 advisory committee's note to 1974 amendment. This included "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered." *Id.* Those requirements now appear in subsection (b)(1) of the Rule, along with other requirements that specify what the district court must inform the defendant of, none of which mention consecutive sentencing. *See* Fed. R. Crim. P. 11(b)(1).

Guidelines recommendations and policy statements." *Berry*, 565 F.3d at 342 (citing 18 U.S.C. § 3553(a)(4)). This includes § 5G1.3, which addresses whether a court should impose a consecutive or a concurrent sentence when a prisoner is subject to an undischarged term of imprisonment. U.S.S.G § 5G1.3.

That said, a district court need not explicitly state its rationale for imposing a consecutive sentence. *See United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011); *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). "What the district court may not do is say nothing at all." *Cochrane*, 702 F.3d at 346. Ultimately, "a district court does not abuse its discretion, let alone plainly err, if it 'makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense.'" *United States v. Ferguson*, 720 F. App'x 745, 749 (6th Cir. 2018) (quoting *Berry*, 565 F.3d at 342).

Here, the court determined Simons' sentence after considering the applicable § 3553(a) factors, including the nature and circumstances of Simons' offense, his criminal history and characteristics, and the need to protect the public. And the court conducted that analysis after Simons' defense counsel asked the court to consider that his undischarged state sentence would "run consecutive to whatever you give him here, as well as what he receives in Virginia."[3] (R. 30, Sentencing Hr'g Tr. at PageID #157.) And that is exactly what the district court did. Although the court rejected counsel's request for a downward variance, it picked a sentence on the lower-end of Simons' 100 to 125 months Guidelines range. The court considered imposing a longer sentence

---

[3] Because Simons' PSR does not indicate he committed any robbery in Virginia, this likely refers to the Georgia robbery he committed after the Ohio robbery.

but decided against doing so precisely because Simons was "going to have additional punishments" for the other robbery he committed. (*Id.* at PageID #160.)

Thus, both the length and the consecutive nature of Simons' sentence ensured that the court imposed "an appropriate incremental penalty for the instant offense." *Berry*, 565 F.3d at 342. It is true that the court did not conduct a distinct § 3553(a) analysis to explain why it imposed a consecutive instead of concurrent sentence. Rather, the court "intertwined" its determination of the length of Simons' sentence with its decision to impose the sentence consecutive to his undischarged state sentence. *See Johnson*, 640 F.3d at 208. But it is well established in our circuit that a district court is not required to repeat a § 3553(a) analysis "when the same reasons for rejecting a downward variance also support the decision for a consecutive sentence." *United States v. Brummett*, 402 F. App'x 126, 128 (6th Cir. 2010) (quoting *Berry*, 565 F.3d at 343).

Simons' argument that the district court "failed to consider U.S.S.G. § 5G1.3" is also unavailing. While the court did not expressly mention § 5G1.3, this is "not dispositive." *Ferguson*, 720 F. App'x at 749. It is sufficient that the district court "made clear its rationale for imposing a consecutive sentence when it discussed the § 3553(a) factors." *Id.* (citing *United States v. Williams*, 664 F. App'x. 517, 520 (6th Cir. 2016)). And its rationale was consistent with § 5G1.3, so Simons "was not prejudiced by any error, assuming one even occurred." *Ferguson*, 720 F. App'x at 749; *Williams*, 664 F. App'x at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Section 5G1.3(b) advises courts to impose a concurrent sentence when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense." U.S.S.G. § 5G1.3(b). But Simons' state convictions (one a weapons charge and two for drug possession) involved conduct unrelated to his federal bank robbery charge. "When the underlying conduct is unrelated, the Guidelines advise sentencing judges to choose between concurrent or

consecutive sentences in order to 'achieve a reasonable incremental punishment for the instant offense.'" *Williams*, 664 F. App'x at 521 (citing U.S.S.G. § 5G1.3(d) cmt. n.4). And that is what the district court did.

Moreover, the commentary to § 5G1.3(d) advises courts to look to the § 3553(a) factors in determining whether to impose a consecutive or concurrent sentence. § 5G1.3(d) cmt. n.4(i). And we have held that those factors are enough to support a consecutive sentence. *Williams*, 664 F. App'x at 521 (citing *Berry*, 565 F.3d at 343). As already discussed, the court's § 3553(a) analysis justified both the length and the consecutive nature of Simons' sentence. Accordingly, we hold that the district court did not plainly err by ordering Simons' sentence to run consecutively to his undischarged state sentence.

**IV.**

Simons also challenges the district court's assessment of six criminal history points under U.S.S.G. § 4A1.1 for his seven Ohio aggravated robbery convictions for which he was sentenced on the same day in Cuyahoga County Common Pleas Court Case CR490301. He argues that paragraph forty-two of his PSR shows that only one sentence was entered in that case and so the court should not have added three additional points to his criminal history conduct under § 4A1.1(e).

We note at the outset that the parties dispute the standard of review. Normally, as the government concedes, our review of "a district court's legal conclusions regarding the Sentencing Guidelines [is] de novo." *United States v. Ramirez-Perez*, 643 F.3d 173, 175 (6th Cir. 2011) (quoting *United States v. Galvan*, 453 F.3d 738, 739 (6th Cir. 2006)) (emphasis omitted). But although Simons objected to paragraph forty-two of his PSR before the district court, he did so for reasons entirely different from his argument on appeal. His objection below claimed only that he

did not possess a gun and was not involved in one of the aggravated robberies. So our review again is likely for plain error. *See United States v. Campbell & Campbell*, 234 F.3d 1270 (6th Cir. 2000).

Regardless, "[w]e need not determine the proper standard of review" or the merits of Simons' argument "because we hold that, even if the district court erred . . . the error was harmless." *United States v. Steel*, 609 F. App'x 851, 854 (6th Cir. 2015). "A sentencing error is harmless if we are certain that the error did not affect the district court's selection of the sentence imposed." *Id.* (quoting *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008)). The district court noted that even if it subtracted the three criminal history points it added under § 4A1.1(e), it still would assign Simons a category VI criminal history because he would have fourteen criminal history points. (*See* R. 30, Sentencing Hr'g Tr. at PageID #152); U.S.S.G. Ch. 5 Pt. A. The court therefore stated that any such error "wouldn't impact [Simons'] sentence." (*See* R. 30, Sentencing Hr'g Tr. at PageID #152.) Thus, we can be certain that the supposed error "did not affect the district court's selection of the sentence imposed," and so it was harmless. *See Steel*, 609 F. App'x at 854 (collecting similar cases).

## V.

Finally, Simons challenges the procedural and substantive reasonableness of his sentence,[4] which we review "under a deferential abuse of discretion standard." *United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017). We review Simons' sentence for procedural reasonableness first.

## A.

A district court procedurally errs by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

---

[4] In Section IV of his brief, Simons labels this argument as a challenge to the substantive reasonableness of his sentence. But then he proceeds to challenge both the procedural and substantive reasonableness of his sentence, so we analyze both.

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Simons argues that "the Court failed to take any of Simons' positive sentencing factors into account pursuant to § 3553," but this is simply inaccurate. The court acknowledged several of Simons' personal characteristics that made him "somewhat less blameworthy," including his depression, ADHD, learning disabilities, and potential schizophrenia.

Simons also contends that the district court failed to account for "the sentence of his codefendant, acceptance of his responsibility, need for treatment, desire to improve his life, and his cooperation." Again, Simons mischaracterizes the court's analysis. The court noted that it took account of his codefendant's (Williams) sentence and the need to improve Simons' "conduct and condition." (R. 30, Sentencing Hr'g Tr. at PageID #160.) Moreover, the court acknowledged Simons' acceptance of responsibility and reduced his total offense level by three points for that exact reason. But regardless, there was no need for the court to mention every single factor that might work to Simons' benefit. How many sentencing factors to discuss and how much explanation to provide are matters largely left "to the judge's own professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011); *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011).

Here, the district court discussed several § 3553(a) factors and how those factors supported its decision. As mentioned, these included factors that worked in Simons' favor. But they also included factors that weighed against him, like the nature of his offense, his criminal record, and the court's responsibility to protect the public. And the court provided more explanation for the factors it seemed to weigh more heavily, such as Simons' criminal history. We are satisfied that the district judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his

11

own legal decisionmaking authority." *Rita*, 551 U.S. at 356. Accordingly, we find that Simons' sentence is procedurally reasonable.

**B.**

Lastly, we consider whether Simons' sentence is substantively reasonable. A substantively reasonable sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3555(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence is substantively unreasonable "when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). And because Simons' sentence was within the applicable Guidelines range, we afford it "the presumption of reasonableness." *Vowell*, 516 F.3d at 509 (citing *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006)). Nothing about the district court's analysis causes us to disturb that presumption.

On appeal, Simons sets forth several reasons why he thinks the district court's sentence is "excessive." Some of these relate to his personal characteristics that we have already mentioned, including his acceptance of responsibility, need for treatment, and desire to improve his life. Simons also points out that his sentence was almost twice that of his codefendant. But although the court acknowledged these mitigating factors, it also noted that Simons' criminal history demonstrated a "manifest need to protect the public." (R. 30 Sentencing Hr'g Tr. at Page ID#160.) As the court explained to Simons, "[w]ithin short periods of time after release from sentencing, you go back to carrying guns and you go back to robbing people." Indeed, the court remarked, "it's really quite fortunate that you haven't killed somebody." "[H]aving considered all these

12

factors," the district sentenced Simons to 105 months in prison, which was on the low end of his 100 to 125 months Guidelines range.

We cannot say the district court's decision to do so was arbitrary or based on impermissible factors. Nor can we say that the court failed to consider relevant factors, or gave undue weight to any one factor. Essentially, Simons asks us to balance the § 3553(a) factors differently than how the district court did. But that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). We therefore hold that Simons' sentence is substantively reasonable.

## VI.

For the foregoing reasons, we **AFFIRM** the district court's judgment.